UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

DR. GEORGE PIECZENIK,

    Plaintiff,

-v-

TIAA-CREF,

    Defendant.

------------------------------------------------------x



No. 05 Civ. 2193 (LTS)(DFE)

## MEMORANDUM ORDER

    Plaintiff George Pieczenik, proceeding *pro se*, initiated the above-captioned action on February 16, 2005, asserting claims for patent infringement, discrimination in violation of the Fair Housing Act, and violations of the Racketeer Influenced Corrupt Organizations Act ("RICO") against various defendants, including Defendant TIAA-CREF.[1] The case was referred to Magistrate Judge Douglas F. Eaton for general pre-trial purposes (docket entry no. 9). Magistrate Judge Eaton held an initial case management conference on March 17, 2005 in which, *inter alia*, he noted Defendant's letter to the Court asserting that Plaintiff had violated Federal Rule of Civil Procedure 11(b) by asserting frivolous claims and making scandalous allegations. Magistrate Judge Eaton permitted Plaintiff to file an amended complaint as a "safe harbor" to avoid the possibility of Rule 11 sanctions for his initial complaint, which he did on June 1, 2005 (docket entry 23). Despite the cautionary instructions Plaintiff received from Magistrate Judge Eaton with regards to his obligations under Rule 11, Plaintiff's amended complaint includes various scandalous allegations while asserting vague and seemingly hollow legal claims. Magistrate Judge Eaton subsequently ordered that the case be stayed

---

    [1] All other defendants originally named in this case have been dismissed.

pending the resolution of two other proceedings involving Plaintiff, a patent infringement suit against Pfizer, Inc.[2] and a New Jersey administrative proceeding[3] (docket entry nos. 24, 25), reflecting his determination that only a judgment in Plaintiff's favor in either proceeding could possibly enable Plaintiff's amended complaint to state a viable claim.[4] Both proceedings were resolved against Plaintiff as of October 2, 2006. (Wolowitz Decl., Exhs. D, F.)

Plaintiff failed to take any action to inform the Court of these results or to continue prosecuting his case once the conditions of the stay had expired. On November 26, 2008, the Court issued an Order to Show Cause requiring Plaintiff to demonstrate whether there is a good faith reason to re-open the case (docket entry no. 38). The Plaintiff filed a motion to re-open on January 9, 2009 (docket entry nos. 39, 42) and Defendant timely submitted opposition papers (docket entry no. 40). The Court has fully considered all the submissions and the procedural history of the case. For the following reasons, Plaintiff's motion to re-open the case is denied.

Plaintiff's failure to prosecute this case for over two years after the justification for the stay expired warrants dismissal pursuant to Rule 41(b). Fed.R.Civ.P. 41(b) (2008). Furthermore, Plaintiff's sole justification for re-opening the case is his allegation that Defendant has failed to provide him with a copy of a particular contract. Plaintiff falsely asserts that Magistrate Judge Eaton requested that this contract be provided by Defendant to Plaintiff. In fact, Magistrate Judge Eaton made no such request and Defendant has consistently maintained that said contract is non-existent and that all the documents relevant to Plaintiff have been produced to him. As such, it appears to the

---

[2] Pieczenik v. Pfizer, No. 04 Civ. 4588 (S.D.N.Y.).

[3] In re New Jersey Alternative Benefit Program, A-5500-04T2, 2006 WL 60270 (N.J. Super. Ct. App. Div. Jan. 11, 2006).

[4] Magistrate Judge Eaton properly reached this determination based on the parties' submissions and the two case conferences he conducted.

Court that Plaintiff has no good faith basis for continuing this action. Dismissal of Plaintiff's amended complaint with prejudice is also proper pursuant to the Court's authority to eliminate frivolous claims. See Fed.R.Civ.P. 16(c)(2)(a) (2008); Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources").

Plaintiff appears to have brought nine cases in federal court in the past ten years. The Court reminds Plaintiff that when he brought a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure in this case, in denying the motion Magistrate Judge Eaton wrote: "I warn Dr. Pieczenik that it appears to me that he has engaged in vexatious lawsuits, that he does not have an objective good faith expectation of prevailing, and that he has caused needless expense to other parties. Accordingly, he is running the risk of various sanctions, including the imposition of costs and attorneys' fees, and an anti-suit injunction pursuant to Safir v. United States Lines, Inc., 792 F.2d 19, 23-25 (2d Cir. 1986)" (docket entry no. 37). The Court echoes Magistrate Judge Eaton's words and urges Plaintiff to heed carefully his warning before initiating another frivolous action.

Plaintiff's motion to re-open the case is denied with prejudice. This Order resolves docket entry nos. 39 and 42. The Clerk of the Court is respectfully requested to close this case.
SO ORDERED.

Dated: New York, New York
February 4, 2009

LAURA TAYLOR SWAIN
United States District Judge